UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

| | | |
|---|---|---|
| **SHELBRAN INVESTMENTS, L. P.,** | ) | Case No.: 3:10-bk-10937-JAF |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |
| | ) | **Hearing requested within 30 days** |
| | ) | **pursuant to 11 U.S.C. § 1112(b)(3)** |
| _____ | ) | **Hearing time: 20 minutes** |

## UNITED STATES TRUSTEE'S MOTION TO
## DISMISS OR CONVERT CASE TO CHAPTER 7

COMES NOW, Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, and moves this Court to dismiss or convert this case, pursuant to 11 U.S.C. § 1112(b) for cause, including the Debtor's failure to comply with the requirements set forth in Orders of this Court, the Bankruptcy Code, and the United States Trustee Guidelines for Chapter 11 Debtors-in-Possession (the "Guidelines"). In support thereof, the United States Trustee states:

1. On December 21, 2010, Shelbran Investments, L. P. (the "Debtor") filed a voluntary petition under Chapter 11of the United States Bankruptcy Code.

2. On December 23, 2010, the Court entered an Order Authorizing Debtor-in-Possession to Operate Business (Dkt. No. 9; the "Order").

3. As of the date of this motion, the United States Trustee has not appointed a committee of unsecured creditors in this case.

4. As reflected in the Debtor's Bankruptcy Schedule A (Dkt. No. 25) and the Debtor's Case Management Summary (Dkt. No. 2); the Debtor owns multiple parcels of real estate, including a 120 acre horse farm in Ocala, Florida and numerous parcels of commercial and residential real estate located throughout the States of California and

Arizona. Included in the Debtor's real estate is property described in Schedule A as (i) Vista Lago Parcel 13 (13.97 acres and single family residence) located in Hemet, California, and (ii) Vista Lago Parcel 14 (1.67 acres and rental home at 40720 Gibbel Road) located in Hemet, California (collectively, the "Vista Lago Parcels").

5. Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interests of creditors. 11 U.S.C. § 1112(b).

6. A non-exhaustive list of examples of "cause" warranting dismissal or conversion is set forth in Section 1112(b)(4) of the Bankruptcy Code, which includes, without limitation, the following: failure to maintain appropriate insurance that poses a risk to the estate or to the public; failure to comply with an order of the Court; unexcused failure to timely satisfy any filing or reporting requirement; and failure timely to provide information or attend meetings reasonably requested by the United States Trustee.[1] 11 U.S.C. § 1112(b)(4).

7. The Chapter 11 Guidelines require every debtor to provide to the United States Trustee numerous documents as soon as practicable. In the instant case, such items and documents include, without limitation, the following:

    a. proof of general comprehensive insurance and fire and theft insurance as to all properties of the estate, including, but not limited to, the Vista Lago Parcels and/or an affidavit detailing efforts to obtain insurance coverage and

---

[1] If the Court establishes cause exists, the Court must convert or dismiss unless it finds and specifically identifies "unusual circumstances" that dismissal or conversion is not in the best interest of creditors; that there is a reasonable likelihood that the debtor will confirm a plan within a reasonable period of time; that "reasonable justification" exists for the deficiencies in the case, and those deficiencies "will be cured within a reasonable period of time." 11 U.S.C. § 1112 was amended by the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327 (Dec. 22, 2010).

specifying the reasons the Debtor is unable to obtain necessary and appropriate insurance coverage;

      b.      the Debtor's most recent financial statement;

      c.      check registers for December 2010;

      d.      the December 2010 bank statement for the Debtor's Wells Fargo bank account (account number ending 2188) that the Debtor failed to attach to its December Monthly Operating Report ("MOR"); and

      e.      a copy of the promissory note from Rita Holgate in the amount of $305,000.00, as identified on the Debtor's Schedule B.

(collectively, the "Required Documents").

8. Despite several requests that the Debtor provide the Required Documents, the Debtor has failed to furnish them to the United States Trustee.

9. Of particular concern to the United States Trustee is the Debtor's failure to provide proof of coverage as to general comprehensive insurance and fire and theft insurance as to the properties of the estate, including, but not limited to, the Vista Lago Parcels and/or an affidavit as described above. The Debtor's failure to maintain insurance on property of the estate poses a significant risk to the estate and to the public.

10. In addition, as reflected in the Debtor's March 2011 MOR (Dkt. No. 66), the Debtor sold its 2007 Suburban listed on Schedule B to Stephen R. Holgate, and insider and indirect owner of the Debtor, for $20,000. This sale was completed without Court approval and likely in violation of Section 363 of the Bankruptcy Code and the

provisions of the Order. The United States Trustee has no information regarding the details of this sale and whether it was an arms-length transaction.[2]

11. Moreover, as reflected in the Debtor's January 2011 MOR (Dkt. No. 47), on or about January 27, 2011, the Debtor received a $25,000 loan from Stephen R. Holgate, an insider and indirect owner of the Debtor. Similarly, the Debtor's March 2011 MOR (Dkt. No. 68) reflects that on or about March 1, 2011, the Debtor received from Mr. Holgate another loan in the amount of $15,000. Further, the Debtor's April 2011 MOR (Dkt. No. 71) reflects that on or about April 5, 2011, the Debtor received from Mr. Holgate a third loan in the amount of $10,000. The Debtor received these three loans in the collective amount of $50,000 (the "Loans") without Court approval, and the United States Trustee has no information as to the terms of these Loans or the use(s) of the Loan proceeds. The Debtor's need for these Loans also raises questions about the Debtor's ability to reorganize.[3]

12. To date, the Debtor has not filed a Chapter 11 Plan and Disclosure Statement pursuant to 11 U.S.C. § 1121.

13. The matters set forth above constitute grounds for the dismissal or conversion of this case under 11 U.S.C. §§ 1112(b) for cause.

14. The United States Trustee reserves the right to proceed at the hearing on this motion; present evidence to address any deficiency present in any subsequently filed or

---

[2] As reflected in the Debtor's April MOR (Dkt. No. 71), it appears that although this vehicle was sold to Mr. Holgate, it remains on the Debtor's insurance policy.

[3] On May 12, 2011, the Debtor filed a Motion to Obtain Unsecured Credit (Dkt. No. 72; the "Motion to Obtain Credit"), seeking Court approval to borrow from Mr. Holgate $100,000 on an unsecured basis. The Motion to Obtain Credit makes no reference to the Loans made from Mr. Holgate in January, March and April. As such, it does not appear that the Loans are included in the $100,000 loan described in the Motion to Obtain Credit.

4

transmitted documents, or alternatively, reserves the right to amend this motion to address the same.

WHEREFORE, the United States Trustee requests the Court to enter an order granting this motion, dismissing or converting Debtor's chapter 11 case, and granting such additional relief as the Court deems just and proper.

DATED: June 9, 2011.

>DONALD F. WALTON
>United States Trustee, Region 21
>
>*/s/ Jill Ellen Kelso*
>Jill Ellen Kelso, Trial Attorney
>United States Department of Justice
>Office of the United States Trustee
>Florida Bar No.: 578541
>135 W. Central Blvd., Suite 620
>Orlando, FL 32801
>Telephone No.: (407) 648-6301, Ext. 137
>Facsimile No.: (407) 648-6323
>jill.kelso@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on June 9, 2011, to all parties having appeared electronically in the instant matter. I HEREBY CERTIFY further that a copy hereof shall be served by U.S. Mail, postage prepaid, on June 9, 2011 to the following:

**Shelbran Investments, L. P.**
12871 South Highway 475
Ocala, FL 34480

>*/s/ Jill Ellen Kelso*
>Jill Ellen Kelso, Trial Attorney