UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

SHELBRAN INVESTMENTS, L.P.,

    Debtor.

Case No.: 3:10-bk-10937 (JAF)

Chapter 11

## DEBTOR'S MOTION TO OBTAIN UNSECURED CREDIT NUNC PRO TUNC

Debtor Shelbran Investments, L.P., debtor and debtor-in-possession (the "Debtor"), pursuant to 11 U.S.C. § 364 and Fed. R. Bankr. P. 4001(d), comes before the Court with its Amended Motion to Obtain Unsecured Credit, intended to supplement its Motion to Obtain Unsecured Credit [Docket No. 72] and states:

### FACTUAL BACKGROUND

1. On December 21, 2010 (the "Petition Date"), the Debtor filed a petition for reorganization under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"). The Debtor is in retention and possession of its properties and businesses as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code and orders of this Court dated December 23, 2010.

2. The Debtor filed this Chapter 11 case in order to reorganize its financial structure and provide for the maximum return for its creditors. As part of its plan of reorganization, the Debtor proposes to borrow up to $100,000.00 on an unsecured basis from Steven Holgate, ("Lender"), according to the terms of the draft Revolving Credit Line Note attached hereto as Exhibit "A" (the "Note"). The Debtor proposes to use the proceeds of the loan evidenced by the Note to ensure its cash flow while in the Chapter 11 case. The Debtor would use the funding to make any required payments and taxes as necessary. Without the proposed funding, the Debtor may not be able to make those payments in the immediate future.

3. As consideration for the loan evidenced by the Note, the Debtor would pay

interest to the Lender at a rate equal to the Wall Street Journal Prime Rate. Repayment of the Note would occur, at the Debtor's option, upon the latter of (a) on December 31, 2011, or (b) on the effective date of the Debtor's Plan of Reorganization. Notwithstanding the foregoing, payment of all amounts owing shall be due immediately upon the conversion to Chapter 7 or dismissal of Borrower's Chapter 11 case. A copy of the propose Note is attached as Exhibit "A".

4. While the Lender is Steven Holgate, the Managing Member of the Debtor, the Debtor submits that the terms of the Note are fair to the Debtor and to the estate. The loan is entirely unsecured, and the interest rate is, in the Debtor's view, below the interest rate it would have to pay in the open market if the Debtor could even qualify to obtain unsecured credit as a Chapter 11 debtor. The terms of the Note are not onerous, and the Debtor believes that the existence of the borrowed fund will enhance its prospects for a successful reorganization.

5. The Debtor has determined that it is in the best interest of the estate and all of its creditors to obtain credit from Steven Holgate in accordance with the terms set forth in this Motion and the attached Note. The Debtor will use the credit facility to provide liquidity for its obligations as a Chapter 11 debtor, and to pay ordinary obligations as they arise, and to pay case administration expenses.

6. In reliance on the fact that the Motion to Obtain Unsecured Credit [Docket No. 72] would be filed, Mr. Holgate provided capital funds to the Debtor on or about January 27, 2011, March 21, 2011, and April 5, 2011 for a total of $50,000.00. Each of the amounts was identified in the applicable Debtor's Monthly Operating Reports as an "Owner Contribution". Those transactions are either loans to the Debtor, for which the Debtor asks that nunc pro tunc approval be given, or are injections of equity into the Debtor. The Debtor believes it is fair and appropriate to grant the nunc pro tunc approval requested.

7. No creditor will be harmed if this Motion is granted and the Debtor obtains the

requested credit facility.

WHEREFORE, the Debtor requests that the Court enter an order approving the Debtor's obtaining credit under the Note and approving nunc pro tunc the capital funds made available to the Debtor by Mr. Holgate as loans.

Dated June 27, 2011.                    BRENNAN, MANNA & DIAMOND, P.L.

By: **/s/ *Robert Wilcox***
Robert D. Wilcox
Florida Bar Number 755168
Emily M. Friend
Florida Bar No. 0073042
800 West Monroe Street
Jacksonville, Florida 32202
(904) 366-1500
(904) 366-1501 (facsimile)
rdwilcox@bmdpl.com

*Attorneys for Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2011 I filed the Debtor's Amended Motion to Obtain Unsecured Credit through the CM/ECF, which will cause a copy to be served upon the Office of the United States Trustee, Jason B. Burnett, 50 N Laura St # 1100, Jacksonville, FL 32202-3611 as attorney for Independence Bank, the United States Trustee and all parties who have appeared and consented to such service. In addition, I caused a copy of the Motion to be served via U.S. Mail upon Stephen Holgate and by either electronic service through the CM/ECF system or via U.S. Mail upon every party on the Local Rule 1007-2 Interested Parties List based upon a matrix obtained this day, a copy of which is attached.

/s/ ***Robert Wilcox***
Robert D. Wilcox

```
Label Matrix for local noticing          Alarion Bank                              Encore Income Fund, LLC
113A-3                                    C/O Karen K. Specie                       c/o Jason B. Burnett
Case 3:10-bk-10937-JAF                    SPECIE LAW FIRM, LLC                      GrayRobinson, P.A.
Middle District of Florida                P. O. Box 358318                          50 North Laura Street, Suite 1100
Jacksonville                              Gainesville, FL 32635-8318                Jacksonville, FL 32202-3611
Mon Jun 27 13:23:12 EDT 2011

GrayRobinson, P.A.                        Odell Income Fund, LP                     Ramona Business Park
50 North Laura Street                     c/o Jason B. Burnett                      c/o Zachary J. Bancroft
Suite 1100                                GrayRobinson,P.A.                         P.O. Box 2809
Jacksonville, Fl 32202-3611               50 North Laura Street, Suite 1100         Orlando, FL 32802-2809
                                          Jacksonville, Fl 32202-3611


Riverside County Transportation Commission   Shelbran Investments, L. P.            The Bank of Hemet
Hinshaw & Culbertson                      12871 South Highway 475                   c/o Mitarni, Rynor, Adamsky & Toland PA
One East Broward Blvd.                    Ocala, FL 34480-8503                      2400 N Commerce Parkway
Suite 1010                                                                          Suite 302
Fort Lauderdale, fl 33301-1866                                                      Weston, Fl 33326-3253


United States Bankruptcy Court            ALARION BANK                              AT&T
300 North Hogan Street Suite 3-350        C/O Karen K. Specie, Esq.                 P. O. Box 6017
Jacksonville, FL 32202-4267               Specie Law Firm, LLC                      Los Angeles, CA 90055-1017
                                          P. O. Box 358318
                                          Gainesville, FL  32635-8318


Accurate Business Services                Alarion Bank                              Allied Insurance
P. O. Box 1481                            2510 SE Maricamp Road                     P. O. Box 51540
Temecula, CA 92593-1481                   Ocala, FL 34471-5538                      Los Angeles, CA 90051-5840



BAC Home Loans Servicing, LP              BAC Home Loans Servicing, LP              BAC Home Loans Servicing, LP
Bk. Dept., Mail Stop CA6-919-01-23        c/o Prober & Raphael,  A Law Corporation  c/o Roy Diaz
400 National Way                          20750 Ventura Blvd., Suite 100            PO Box 11438
Simi Valley, CA 93065-6414                Woodland Hills, CA 91364-6207             Fort Lauderdale,  FL  33339-1438


Bank of America                           Bank of Hemet                             Blaine Worner Civil Engineer
P. O. Box 5170                            P. O. Box 20109                           41555 E. Florida Avenue, #G
Simi Valley, CA 93062-5170                Riverside, CA 92516-0109                  Hemet, CA 92544-4995


Eastern Municpal Water Dist               Encore Income Fund                        Encore Income Fund, LLC
P. O. Box 8301                            c/o Randy Wastal                          c/o Jason Burnett
Perris, CA 92572-8301                     4405 Manchester Avenue, #106              50 North Laura Street, Ste 1100
                                          Encinitas, CA 92024-4940                  Jacksonville, FL 32202-3611


Florida Dept. of Revenue                  Independence Bank                         Independence Bank
Bankruptcy Unit                           P. O. Box 9589                            Thomas J. Polis
P.O. Box 6668                             Newport Beach, CA 92658-9589              19800 MacArthur Boulevard, Ste 1000
Tallahassee, FL 32314-6668                                                          Irvine, CA 92612-2433


Independence Bank                         Independence Bank                         (p)INTERNAL REVENUE SERVICE
c/o Jason B. Burnett                      c/o Thomas J. Polis, Esq.                 CENTRALIZED INSOLVENCY OPERATIONS
50 North Laura Street, Suite 1100         Polis & Associates, APLC                  PO BOX 7346
Jacksonville, Florida 32202-3611          19800 MacArthur Boulevard, Suite 1000     PHILADELPHIA PA 19101-7346
                                          Irvine, California  92612-2433
```

| | | |
|---|---|---|
| Law Office of Kent G. Snyder<br>2212 Dupont Drive, #B<br>Irvine, CA 92612-1551 | Lucky Warrior Farm & Ranch<br>Charles Underbrink<br>13009 S. Highway 475<br>Ocala, FL 34480-8503 | Marion County Tax Collector<br>P.O. Box 970<br>Ocala FL 34478-0970 |
| Mountain View Pool Service<br>P. O. Box 1893<br>San Jacinto, CA 92581-1893 | Nadel Studio One Inc.<br>1990 S. Bundy Drive<br>Los Angeles, cA 90025-5243 | Nadel Studio One, Inc.<br>4435 Eastgate Mall, #100<br>San Diego, CA 92121-1980 |
| Odell Income Fund<br>c/o Jason Burnett<br>50 North Laura Street, Ste 1100<br>Jacksonville, FL 32202-3611 | Odell Income Fund<br>c/o Randy Wastal<br>4405 Manchester Avenue, #106<br>Encinitas, CA 92024-4940 | Ramona Business Park<br>12250 El Camino Real<br>San Diego, CA 92130-3076 |
| Ramona Business Park LLC<br>c/o L. William Porter III as<br>Additional Counsel of Record<br>P.O. Box 2809<br>Orlando FL 32802-2809 | Ramona Business Park LLC<br>c/o Zachary J. Bancroft, Esq.<br>P.O. Box 2809<br>Orlando FL 32802-2809 | Randy Flores<br>3040 Vista Way<br>Hemet, CA 92544-4959 |
| Riverside County Transportation Commission<br>P.O. Box 12008<br>Riverside, CA 92502-2208 | Rutan & Tucker, LLP<br>611 Anton Blvd, 14th Floor<br>Costa Mesa, CA 92626-7681 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 |
| Southern California Edison<br>P. O. Box 600<br>Rosemead, CA 91771-0001 | Southern California Edison Company<br>Attn: Credit and Payment Services<br>300 N. Lone Hill Ave<br>San Dimas, CA 91773-1741 | Southern California Gas Co.<br>Box C<br>Monterey Park, CA 91756-0001 |
| State Farm Insurance<br>Insurance Support Center<br>P. O. Box 680001<br>Dallas, TX 75368-0001 | The Bank of Hemet<br>3715 Sunnyside Drive<br>Riverside, CA 92506-2418 | The Bank of Hemet<br>c/o Howard S. Toland<br>2400 North Commerce Parkway-Suite 302<br>Weston, FL 33326-3253 |
| Tutan & Tucker, LLP<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA 92626-7681 | U.S. Securities & Exchange Commission<br>Reorganization Branch, Atlanta<br>3475 Lenox Rd., NE, Ste. 1000<br>Atlanta, GA 30326-3235 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 |
| United States Trustee - JAX 11<br>135 W Central Blvd, Suite 620<br>Orlando, FL 32801-2440 | Verizon<br>404 Brock Dr<br>Bloomington, IL 61701-2654 | Verizon<br>P. O. Box 9688<br>Mission Hills, CA 91346-9688 |
| Weiss and Company<br>Kenneth Weiss<br>5151 Shorne Place, #210<br>San Diego, CA 92122 | Robert D Wilcox<br>Brennan, Manna & Diamond, PL<br>800 W. Monroe Street<br>Jacksonville, FL 32202-4836 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Independence Bank                    End of Label Matrix
                                        Mailable recipients   58
                                        Bypassed recipients    1
                                        Total                 59

EXHIBIT A

# REVOLVING CREDIT LINE NOTE

$100,000.00                                                                                                          May___, 2011


FOR VALUE RECEIVED, the undersigned, Shelbran Investments, L.P., a Florida limited liability company, whose address is 12871 South Highway 475, Ocala, Florida (the "Borrower"), hereby promises to pay to the order of Stephen R. Holgate (the "Lender"), the principal sum of One Hundred Thousand and no/100 Dollars ($100,000.00), or so much thereof as may be advanced hereunder, together with interest on the outstanding principal balance hereof at the rate provided herein. This Note shall be governed by the following provisions:

1.      <u>Advances</u>.  Lender may, from time to time and upon request of the Borrower, make advances to Borrower.  The loan evidenced by this Note is a revolving loan, and the Borrower may at the Lender's option borrow, repay and reborrow principal amounts during the term hereof. Notwithstanding the foregoing, the outstanding principal balance hereof shall not exceed $100,000.00 at any one time.  Nothing contained herein shall impose any obligation upon the Lender to make advances hereunder.

2.      <u>Payments</u>.  The Borrower agrees to pay all outstanding principal due hereunder, together with all then accrued and unpaid interest, upon the latter of (a) on December 31, 2011, or (b) on the effective date of the Debtor's Plan of Reorganization. Notwithstanding the foregoing, payment of all amounts owing shall be due immediately upon the conversion to Chapter 7 or dismissal of Borrower's Chapter 11 case.

3.      <u>Interest</u>.

(a)     Interest shall accrue on the outstanding principal balance of this Note at the "Prime Rate" (as hereinafter defined).

(b)     The Prime Rate shall be the interest rate as published from time to time by The Wall Street Journal as its prime rate.  Should The Wall Street Journal not publish a prime rate during the term of this Note, the Lender, in its reasonable discretion, may choose a substitute prime rate.

(c)     The rate of interest shall change each time the Prime Rate is changed.  Any such change in the interest rate shall become effective as of the opening of business on the effective date of the change.

(d)     Interest shall be calculated on the basis of a 360 day year based upon the actual number of days elapsed (or, at the Lender's option, on the basis of a 360-day year consisting of twelve 30-day months).

(e)     The total liability of the Borrower and any endorsers or guarantors hereof for

payment of interest shall not exceed any limitations imposed on the payment of interest by applicable usury laws. If any interest is received or charged by any holder hereof in excess of that amount, the Borrower shall be entitled to an immediate refund of the excess.

(f) Upon the occurrence of an Event of Default hereunder, interest shall accrue at the Default Rate hereinafter set forth notwithstanding the provisions of this section.

4. <u>Prepayment</u>. The Borrower shall be entitled to prepay this Note in whole or in part at any time without penalty.

5. <u>Application of Payments</u>. All payments hereunder shall be applied first to the Lender's costs and expenses, then to fees authorized hereunder or under the Loan Agreement, then to interest and then to principal.

6. <u>Default</u>. Nonpayment of principal, interest, any fee or any other amount due hereunder as and when due and payable shall be considered an "Event of Default."

If any Event of Default shall occur, any obligation of the Lender to make advances hereunder shall be terminated without notice to the Borrower. In addition, if any Event of Default shall occur, the Lender may declare, in the manner set forth in the Loan Agreement, the outstanding principal of this Note, all accrued and unpaid interest hereunder and all other amounts payable under this Note to be forthwith due and payable. Thereupon, the outstanding principal of this Note, all such interest and all such amounts shall become and be forthwith due and payable, without presentment, demand, protest or further notice of any kind, all of which are hereby expressly waived by the Borrower. Upon the occurrence of any Event of Default, the outstanding principal of this Note, and any accrued and unpaid interest, shall bear interest at a rate of either five percent (5.0%) per annum above the Prime Rate after default until paid or, if such rate is usurious under the laws of Florida, then at the highest legal rate permissible thereunder (the "Default Rate"). Nothing contained herein shall impose an obligation on the Lender to make advances prior to the occurrence of an Event of Default.

7. <u>Expenses</u>. All parties liable for the payment of this Note agree to pay the Lender all costs incurred by it in connection with the collection of this Note. Such costs include, without limitation, fees for the services of counsel and legal assistants employed to collect this Note, whether or not suit be brought, and whether incurred in connection with collection, trial, appeal or otherwise. All such parties further agree to indemnify and hold the Lender harmless against liability for the payment of state documentary stamp taxes, intangible taxes or other taxes (including interest and penalties, if any), excluding income or service taxes of the Lender, which may be determined to be payable with respect to this transaction.

8. <u>Late Charge</u>. A late charge of five percent (5.0%) of any payment required hereunder shall be imposed on each and every payment not received by the Lender within ten (10) days after it is due. The late charge is not a penalty, but liquidated damages to defray administrative and related expenses due to such late payment. The late charge shall be immediately due and payable and shall be paid by the Borrower to the Lender without notice or demand. This provision for a late charge is not and shall not be deemed a grace period, and the Lender has no obligation to

accept a late payment.  Further, the acceptance of a late payment shall not constitute a waiver of any default then existing or thereafter arising under this Note.

9. <u>Setoffs</u>.  The Borrower and any endorsers, sureties, guarantors, and all others who are, or who may become liable for the payment hereof, severally expressly grant to the Lender a continuing first lien security interest in any and all money, general or specific deposits, or property of any such parties now or hereafter in the possession of the Lender.  The Borrower and such other parties authorize and empower the Lender, in its sole discretion, at any time after the occurrence of a default hereunder to appropriate and, in such order as the Lender may elect, apply any such money, deposits or property to the payment hereof or to the payment of any and all indebtedness, liabilities and obligations of such parties to the Lender or any of the Lender's affiliates, whether now existing or hereafter created or arising or now owned or howsoever after acquired by the Lender or any of the Lender's affiliates (whether such indebtedness, liabilities and obligations are or will be joint or several, direct or indirect, absolute or contingent, liquidated or unliquidated, matured or unmatured, including, but not limited to, any letter of credit issued by the Lender for the account of any such parties).

10. <u>Miscellaneous</u>.  The Borrower and all sureties, endorsers and guarantors of this Note shall make all payments hereunder in lawful money of the United States at the Lender's address set forth herein or at such other place as the Lender may designate in writing.  The remedies of the Lender as provided herein shall be cumulative and concurrent, and may be pursued singly, successively or together, at the sole discretion of the Lender and may be exercised as often as occasion therefor shall arise.  No act of omission or commission of the Lender, including specifically any failure to exercise any right, remedy or recourse, shall be effective, unless set forth in a written document executed by the Lender, and then only to the extent specifically recited therein.  A waiver or release with reference to one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to any subsequent event.  This Note shall be construed and enforced in accordance with Florida law and shall be binding on the successors and assigns of the parties hereto.  The term "Lender" as used herein shall mean any holder of this Note.  If more than one person executes this Note, such persons shall be jointly and severally liable hereunder.

The Borrower and all sureties, endorsers and guarantors of this Note hereby: (i) waive demand, notice of demand, presentment for payment, notice of nonpayment or dishonor, protest, notice of protest and all other notice, filing of suit and diligence in collecting this Note, or in the Lender's enforcing any of its rights under any guaranties securing the repayment hereof; (ii) agree to any substitution, addition or release of any collateral or any party or person primarily or secondarily liable hereon; (iii) agree that the Lender shall not be required first to institute any suit, or to exhaust his, their or its remedies against the Borrower or any other person or party to become liable hereunder, or against any collateral in order to enforce payment of this Note; (iv) consent to any extension, rearrangement, renewal or postponement of time of payment of this Note and to any other indulgency with respect hereto without notice, consent or consideration to any of them; and (v) agree that, notwithstanding the occurrence of any of the foregoing (except with the express written release by the Lender of any such person), they shall be and remain jointly and severally, directly and primarily, liable for all sums due under this Note.

In Witness Whereof, this Note is executed and delivered as of the day and year first above written.

                          Shelbran Investments, L.P.


                          By: _____
                          Stephen R. Holgate, Agent