UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**SHELBRAN INVESTMENTS, L. P.,**   )   Case No.: 3:10-bk-10937-JAF
                                                                          )   Chapter 11
    **Debtor.**                                      )
                                                                         )
_____   )

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
AMENDED MOTION TO OBTAIN UNSECURED CREDIT**

     Donald F. Walton, United States Trustee for Region 21, by and through his undersigned counsel, objects to Debtor's Amended Motion to Obtain Unsecured Credit (Dkt. No. 120; the "Amended Motion to Obtain Credit") and states:

    1.    On December 21, 2010, Shelbran Investments, L. P. (the "Debtor") filed a voluntary petition under Chapter 11of the United States Bankruptcy Code.

    2.    As reflected in the Debtor's Bankruptcy Schedule A (Dkt. No. 25) and the Debtor's Case Management Summary (Dkt. No. 2), the Debtor owns multiple parcels of real estate, including a 120 acre horse farm in Ocala, Florida and numerous parcels of commercial and residential real estate located throughout the States of California and Arizona.

    3.    As of the date of this motion, the United States Trustee has not appointed a committee of unsecured creditors in this case.

    4.    On May 21, 2011, the Debtor filed a Motion to Obtain Unsecured Credit (Dkt. No. 72; the "Initial Motion to Obtain Credit").

    5.    On June 9, 2011, the United States Trustee fled its Motion to Dismiss or Convert Case to Chapter 7 (Dkt. No. 99; the "Motion to Dismiss"). The Court conducted

a preliminary hearing on the Motion to Dismiss on June 28, 2011 and scheduled a final evidentiary hearing on the Motion to Dismiss for August 23, 2011 at 10:00 a.m.

6. As set forth in the Motion to Dismiss, the Debtor's January 2011 Monthly Operating Report ("MOR") (Dkt. No. 47) reflects that on or about January 27, 2011, the Debtor received a $25,000 loan from Stephen R. Holgate, an insider and indirect owner of the Debtor. Similarly, the Debtor's March 2011 MOR (Dkt. No. 68) reflects that on or about March 1, 2011, the Debtor received from Mr. Holgate another loan in the amount of $15,000. Further, the Debtor's April 2011 MOR (Dkt. No. 71) reflects that on or about April 5, 2011, the Debtor received from Mr. Holgate a third loan in the amount of $10,000. The Debtor received these three loans in the collective amount of $50,000 (the "Holgate Loans") without Court approval, and the United States Trustee has no information as to the terms of these Loans or the use(s) of the Loan proceeds.

7. In the Initial Motion to Obtain Credit, the Debtor sought Court approval to borrow from Mr. Holgate $100,000 on an unsecured basis. The Initial Motion to Obtain Credit made no reference to the Holgate Loans made in January, March and April. As such, it does not appear that the Holgate Loans were included in the $100,000 loan described in the Initial Motion to Obtain Credit.

8. On June 27, 2011, the Debtor filed the Amended Motion to Obtain Credit, again seeking Court approval to borrow from Mr. Holgate $100,000 on an unsecured basis but now requesting retroactive approval for some portion of the Holgate Loans. The Amended Motion to Obtain Credit provides that the Holgate Loans "are either loans to the Debtor, for which the Debtor asks that *nunc pro tunc* approval be given, or are injections of equity into the Debtor." Amended Motion to Obtain Credit at ¶ 6. The Amended Motion to Obtain Credit further states that the "Debtor proposes to use the

proceeds of the loan . . . to ensure its cash flow while in this Chapter 11 case . . . to make required payments and taxes as necessary." Id. at ¶ 2.

9. The United States Trustee objects to the Amended Motion to Obtain Credit on the following grounds:

   a. The Debtor fails to provide any specific information as to how the proceeds of the proposed financing will be used or a budget reflecting the Debtor's anticipated shortfalls for the duration of this case. It should also be noted that the Debtor has not filed a plan or disclosure statement to date, and it is unclear as to how long this case will remain pending.

   b. The Debtor does not specify what portion of the Holgate Loans should be treated as equity contributions and what portion should be encompassed in the proposed post-petition financing. Without these details, it is impossible to determine the precise amount of the proposed financing.

   c. Other than stating that the "Debtor believes it is fair and appropriate to grant the *nunc pro tunc* approval requested," the Debtor does not provide any justification for requesting that a certain portion of the Holgate Loans be approved on a *nunc pro tunc* basis. Further, the Debtor amended the motion to seek retroactive relief related to the Holgate Loans only <u>after</u> the United States Trustee filed its Motion to Dismiss raising concerns about these Holgate Loans and the Debtor's failure to obtain approval for same.

   d. As reflected in the Debtor's May 2011 MOR (Dkt. No. 105), the Debtor received $67,700 in proceeds from an easement sale.[1] In addition, based

---

[1] The United States Trustee does not have any specific information related to the terms of this sale.

3

on information that the Debtor recently provided to the United States Trustee, on or about June 13, 2011, the Debtor received from Rita Holgate a check in the amount of $294,850. The Debtor explained that these funds were payment on a promissory note held by the Debtor.[2] The Debtor's recent receipt of over $360,000 in funds raises questions as to the Debtor's need to obtain post-petition credit and the extent of the Debtor's anticipated operating shortfalls.

    e.    The Debtor has failed to provide any information as to its efforts to obtain financing from other lenders or as to the Debtor's ability to repay the proposed loan, as required in this Court's *Administrative Order Establishing Initial Procedures in Chapter 11 Cases Filed In the United States Bankruptcy Court for the Middle District of Florida*. See Dkt. No. 10.

10.    Accordingly, the United States Trustee objects to the Amended Motion to Obtain Credit and asserts that, at the very least, the Debtor should be required to present evidence supporting the need for such post-petition financing and addressing the concerns raised in this objection.

[This space intentionally left blank].

---

[2] The Debtor listed as an asset on its Bankruptcy Schedule B a promissory note from Rita Holgate in the amount of $305,000.

WHEREFORE, the United States Trustee objects to the Amended Motion to Obtain Credit and requests the Court to enter an order denying the Amended Motion to Obtain Credit, or at the very least, requiring the Debtor to present evidence supporting the need for such post-petition financing and addressing the concerns raised in this objection, and to provide for such additional relief as the Court deems just and proper.

DATED: June 30, 2011.

DONALD F. WALTON
United States Trustee, Region 21

*/s/ Jill Ellen Kelso*
Jill Ellen Kelso, Trial Attorney
United States Department of Justice
Office of the United States Trustee
Florida Bar No.: 578541
135 W. Central Blvd., Suite 620
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 137
Facsimile No.: (407) 648-6323
jill.kelso@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion has been served electronically through CM/ECF on June 30, 2011, to all parties having appeared electronically in the instant matter. I HEREBY CERTIFY further that a copy hereof shall be served by U.S. Mail, postage prepaid, on June 30, 2011 to the following:

**Shelbran Investments, L. P.**
12871 South Highway 475
Ocala, FL 34480

*/s/ Jill Ellen Kelso*
Jill Ellen Kelso, Trial Attorney