# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

SHELBRAN INVESTMENTS, L.P.,

    Debtor.
_____/

Case No.: 3:10-bk-10937-JAF

Chapter 11

## MOTION TO DISMISS OR CONVERT BANKRUPTCY CASE

Secured creditor, INDEPENDENCE BANK ("Independence Bank"), pursuant to 11 U.S.C. § 1112(b), and other applicable law, requests this Court enter an order dismissing the bankruptcy case of SHELBRAN INVESTMENTS, L.P. (the "Debtor"), or in the alternative, converting it to one pending pursuant to Chapter 7 of the Bankruptcy Code, and states:

## PROCEDURAL BACKGROUND

1. On December 21, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor continues to operate its business and manage its affairs as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

3. As of the date hereof, no creditors' committee has been appointed in this case. In addition, no trustee or examiner has been appointed.

## PRE-PETITION FACTS

### Management of the Debtor

4. The Debtor is a limited partnership created for the purpose of real estate development and investment, and has one general and one limited partner.

5. The general partner is The Shelbran Company, Inc. and the limited partner is the Holgate Family Trust.

6. Stephen Holgate ("Holgate") is the President, Secretary and Treasurer of The Shelbran Company, Inc., and his wife, Karen Holgate, serves as the Vice President.

7. One hundred percent of the stock of The Shelbran Company, Inc. is owned by the Holgate Family Trust, for which Holgate and his wife serve as trustees. *Holgate Deposition*, p. 11, ¶¶13-18 (June 3, 2011)[1].

8. The Debtor has no employees. *Holgate Deposition*, p. 87, ¶¶14-18.

9. Despite being an officer of The Shelbran Company, Inc., Karen Holgate does not appear to have a role in the management or operations of the Debtor; therefore, for all purposes, Holgate is the sole principal of the Debtor.

### **Criminal Indictment of Stephen Holgate**

10. In November 2009, Holgate was indicted as part of an alleged illegal campaign contribution and money laundering scheme between developers and local politicians in San Jacinto, California. Prosecutors allege that money given by Holgate to various campaigns was intended to bribe local officials to obtain favorable entitlements, exemptions and zoning preferences for the real property owned by Holgate through the Debtor (now property of the estate). Copies of the criminal indictments were attached as exhibits to the Joinder to the United States Trustee's Motion to Dismiss or Convert Case to Chapter 7 filed by Independence Bank on June 14, 2011 [Doc. No. 104]. Additionally, attached hereto as Exhibit "A" is the Warrant Affidavit of Kim Robinson, an investigator with the Riverside County District Attorney's Office, which describes many of the key facts supporting and leading to the indictment of Holgate and the other defendants.

---

[1] All subsequent citations to the Deposition of Stephen Holgate conducted on June 3, 2011 shall be reflected as follows: *Holgate Deposition*, p. ___, ¶___.

11. Currently, Holgate is being charged with approximately thirty-one (31) felonies and seventy-one (71) misdemeanors.

**POST-PETITION FACTS**

12. On February 17, 2011, Independence Bank filed a Motion for Relief from the Automatic Stay (the "Motion for Relief") [Doc. No. 34] seeking authority to proceeding with the non-judicial foreclosure of several real estate assets of the Debtor. Subsequently, similar motions for relief were filed by The Bank of Hemet [Doc. No. 60], Ramona Business Park, LLC [Doc. No. 87], and Odell Income Fund, L.P. [Doc. No. 119]. The real estate assets secured by the liens of the foregoing creditors represents a significant portion of the assets of the bankruptcy estate of the Debtor.

13. The Debtor is delinquent on its real estate taxes for the real property subject to the lien of Independence Bank, and the Debtor allowed the insurance on such real property to lapse, forcing Independence Bank to obtain forced place insurance at its own cost. Additionally, the Debtor has been unable, to date, to provide proof of insurance coverage as to all other properties of the estate.

14. Since the Petition Date, the Debtor sold the following property of the estate without Court authority and presumably in violation of 11 U.S.C. § 363:

    (a)    an easement on real property located in Nogales, Arizona;

    (b)    a 2007 Chevrolet Suburban.[2]

*Holgate Deposition*, p. 13, ¶¶21-22; p. 14 ¶¶5-7.

15. On June 9, 2011, the United States Trustee (the "Trustee") filed a Motion to Dismiss or Convert Case to Chapter 7 (the "Motion to Dismiss") [Doc. No. 99] based on the foregoing, as well for failure of the Debtor to provide certain required documentation as

---

[2] The 2007 Chevrolet Suburban was sold to Stephen Holgate, an insider.

requested, and the receipt of loans from Holgate in the approximate amount of $50,000 without Court approval.

16. Amidst the events occurring in the bankruptcy case, on June 23, 2011, a California newspaper reported that Jim Ayres, a former San Jacinto city councilman and economic development agency project manager, and co-defendant of Holgate, pled guilty to felony conspiracy, bribery and conflict of interest charges, along with misdemeanor illegal contribution and money laundering charges. A copy of the newspaper article is attached hereto as Exhibit "B". The undersigned is in the process of obtaining certified copies of the court documents evidencing the above-facts. Holgate is charged with many of the same counts to which Ayers pled guilty, including, but not limited to, felony conspiracy and bribery. The article indicates that plea bargain offers have been extended to the other defendants, including Holgate.

17. In his deposition, when asked what would be the effect on the Debtor if he were convicted, Holgate responded "I don't know." *Holgate Deposition*, p. 88, ¶4.

18. Finally, to date, the Debtor has not filed a plan of reorganization or disclosure statement. Moreover, although not proposed as part of a plan of reorganization, Holgate indicated that the Debtor's exit strategy would necessarily depend upon the sale of Independence Bank's collateral, or some combination of a sale and debt for equity exchange. *Holgate Deposition*, p. 92, ¶¶24-25; pp. 93-94.

## **LEGAL STANDARD FOR CONVERSION OR DISMISSAL**

19. Section 1112(b)(1) of the Bankruptcy Code provides that, upon request of a party in interest, a bankruptcy court "shall" dismiss or convert a bankruptcy case, whichever is in the best interests of creditors and the estate, if the movant establishes cause. 11 U.S.C. § 1112(b)(1).

20. Section 1112(b)(4) sets forth a non-exhaustive list of grounds that may constitute "cause" for dismissal or conversion. In re Schultz, 436 B.R. 170, 175 (Bankr. M.D. Fla. 2010).

21. "Cause" under 11 U.S.C. § 1112(b)(4) includes, without limitation, the following: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement of the estate; failure to maintain appropriate insurance that poses a risk to the estate or the public; failure to comply with an order of the court; and failure timely to provide information requested by the United States Trustee. 11 U.S.C. §§ 1112(b)(4)(A), (B), (C), (E) and (H).

22. However, even if there is a finding of cause, pursuant to 11 U.S.C. § 1112(b)(2), the case shall not converted or dismissed if there are "unusual circumstances" specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, or if the debtor or another party in interest objects and establishes that (i) there is a reasonably likelihood that a plan will be confirmed within a reasonable period of time; and (ii) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for the act or omission, and that will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2).

**RELIEF REQUESTED**

23. Independence contends that based upon the facts of this case, "cause" exists under § 1112(b)(1) for conversion or dismissal the Debtor's Chapter 11 case. Specifically:

    (a) There is substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation, as evidenced by the following:

- i. The uncertainty caused by the criminal charges against Holgate has undoubtedly contributed to the inability to find a buyer for property of the estate.
- ii. Moreover, given the recent guilty plea of his co-defendant, the possibility of either a guilty plea by Holgate, or his conviction on the charges against him, has become an immediate concern for creditors, and the successful reorganization of the Debtor that much more unlikely.
- iii. Holgate is the only principal of the Debtor, and as such, if he is convicted and sent to prison, there would be no one to assume his role in managing the Debtor, thus destroying any reasonable likelihood of rehabilitation.
- iv. In addition, the fact that motions for relief from the automatic stay to permit foreclosure of the Debtor's real estate assets have been filed by virtually every secured creditor in this case, and orders granting such relief have already been entered as to The Bank of Hemet and Ramona Business Park, has (and will continue to) cause substantial loss to or diminution of the estate. Should the remaining pending motions be granted, the Debtor will have few assets with which to reorganize, thus diminishing the likelihood of a successful reorganization.

(b) The Debtor has grossly mismanaged the estate as evidenced by the criminal allegations against Holgate, its principal.

(c) The Debtor has failed to maintain appropriate insurance on property of the estate that poses a risk to the estate or to the public.

(d) The Debtor has failed to comply with the Court's Order Authorizing Debtor-in-Possession to Operate Business (the "Order") [Doc. No. 9], which provided that the Debtor may use, sell or lease property of the estate subject to the provisions of Section 363. By his own testimony, Holgate admitted that the Debtor sold a 2007 Chevrolet Suburban and an easement on property of the estate located in Nogales, Arizona. These sales were presumably conducted outside the ordinary course, without notice, a hearing or Court approval, and thus, appear to be in violation of 11 U.S.C. § 363 and this Court's Order.

(e) Finally, as briefly referenced above, and as more specifically described in the Trustee's Motion to Dismiss, the Debtor has failed to timely provide information reasonably requested by the Trustee, and required under the Bankruptcy Code.

24. The relief requested herein is in the best interests of creditors and the estate, and there do not appear to be any contravening unusual circumstances that would establish otherwise.

25. Furthermore, as the Debtor has not, to date, filed a plan of reorganization or disclosure statement there is not a reasonably likelihood that a plan will be confirmed within a reasonable period of time.

26. Based on the foregoing, Independence Bank requests that this Court dismiss the Chapter 11 case of the Debtor, or in the alternative, convert it to one pending under Chapter 7 of the Bankruptcy Code.

WHEREFORE, Independence Bank respectfully requests this Court enter an Order (i) dismissing the instant Chapter 11 case; (ii) alternatively, converting this case to one pending under Chapter 7; and (iii) granting any such other and further relief as this Court deems necessary and appropriate.

DATED: July 7, 2011

**POLIS & ASSOCIATES, APLC**

/s/ Thomas J. Polis
THOMAS J. POLIS, ESQ.
California Bar No.: 119326
tom@polis-law.com
19800 MacArthur Boulevard, Suite 1000
Irvine, California 92612-2433
Telephone: (949) 862-0040
Facsimile: (949) 862-0041

*Counsel for Independence Bank*

-and-

**GRAY ROBINSON, P.A.**

/s/ Jason B. Burnett
JASON B. BURNETT, ESQ.
Florida Bar No.: 822663
jason.burnett@gray-robinson.com
50 North Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone: (904) 598-9929
Facsimile: (904) 598-9109

*Local Counsel for Independence Bank*

## CERTIFICATE OF SERVICE

I, HEREBY certify that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or electronically via this Court's CM/ECF system, this 7th day of July 2011 to: United States Trustee, 135 W. Central Boulevard, Suite 620, Orlando, Florida 32801; Debtor, Shelbran Investments, L.P., 12871 South Highway 475, Ocala, Florida 34480; Debtor's Attorney, Robert D. Wilcox, Esq., Brennan, Manna & Diamond, PL, 800 W. Monroe Street, Jacksonville, Florida 32202; and to all creditors on the attached matrix.

/s/ Jason B. Burnett, Esq.
Attorney

# 466430 v1

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:10-bk-10937-JAF<br>Middle District of Florida<br>Jacksonville<br>Thu Jul  7 13:31:08 EDT 2011 | Alarion Bank<br>C/O Karen K. Specie<br>SPECIE LAW FIRM, LLC<br>P. O. Box 358318<br>Gainesville, FL 32635-8318 | Encore Income Fund, LLC<br>c/o Jason B. Burnett<br>GrayRobinson, P.A.<br>50 North Laura Street, Suite 1100<br>Jacksonville, FL 32202-3611 |
| GrayRobinson, P.A.<br>50 North Laura Street<br>Suite 1100<br>Jacksonville, Fl 32202-3611 | Odell Income Fund, LP<br>c/o Jason B. Burnett<br>GrayRobinson,P.A.<br>50 North Laura Street, Suite 1100<br>Jacksonville, Fl 32202-3611 | Ramona Business Park<br>c/o Zachary J. Bancroft<br>P.O. Box 2809<br>Orlando, FL 32802-2809 |
| Riverside County Transportation Commission<br>Hinshaw & Culbertson<br>One East Broward Blvd.<br>Suite 1010<br>Fort Lauderdale, fl 33301-1866 | Shelbran Investments, L. P.<br>12871 South Highway 475<br>Ocala, FL 34480-8503 | The Bank of Hemet<br>c/o Mitarni, Rynor, Adamsky & Toland PA<br>2400 N Commerce Parkway<br>Suite 302<br>Weston, Fl 33326-3253 |
| ALARION BANK<br>C/O Karen K. Specie, Esq.<br>Specie Law Firm, LLC<br>P. O. Box 358318<br>Gainesville, FL  32635-8318 | AT&T<br>P. O. Box 6017<br>Los Angeles, CA 90055-1017 | Accurate Business Services<br>P. O. Box 1481<br>Temecula, CA 92593-1481 |
| Alarion Bank<br>2510 SE Maricamp Road<br>Ocala, FL 34471-5538 | Allied Insurance<br>P. O. Box 51540<br>Los Angeles, CA 90051-5840 | BAC Home Loans Servicing, LP<br>Bk. Dept., Mail Stop CA6-919-01-23<br>400 National Way<br>Simi Valley, CA 93065-6414 |
| BAC Home Loans Servicing, LP<br>c/o Prober & Raphael,  A Law Corporation<br>20750 Ventura Blvd., Suite 100<br>Woodland Hills, CA 91364-6207 | BAC Home Loans Servicing, LP<br>c/o Roy Diaz<br>PO Box 11438<br>Fort Lauderdale,  FL  33339-1438 | Bank of America<br>P. O. Box 5170<br>Simi Valley, CA 93062-5170 |
| Bank of Hemet<br>P. O. Box 20109<br>Riverside, CA 92516-0109 | Blaine Worner Civil Engineer<br>41555 E. Florida Avenue, #G<br>Hemet, CA 92544-4995 | Eastern Municpal Water Dist<br>P. O. Box 8301<br>Perris, CA 92572-8301 |
| Encore Income Fund<br>c/o Randy Wastal<br>4405 Manchester Avenue, #106<br>Encinitas, CA 92024-4940 | Encore Income Fund, LLC<br>c/o Jason Burnett<br>50 North Laura Street, Ste 1100<br>Jacksonville, FL 32202-3611 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| Independence Bank<br>P. O. Box 9589<br>Newport Beach, CA 92658-9589 | Independence Bank<br>Thomas J. Polis<br>19800 MacArthur Boulevard, Ste 1000<br>Irvine, CA 92612-2433 | Independence Bank<br>c/o Jason B. Burnett<br>50 North Laura Street, Suite 1100<br>Jacksonville, Florida 32202-3611 |
| Independence Bank<br>c/o Thomas J. Polis, Esq.<br>Polis & Associates, APLC<br>19800 MacArthur Boulevard, Suite 1000<br>Irvine, California  92612-2433 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Law Office of Kent G. Snyder<br>2212 Dupont Drive, #B<br>Irvine, CA 92612-1551 |

| | | |
|---|---|---|
| Lucky Warrior Farm & Ranch<br>Charles Underbrink<br>13009 S. Highway 475<br>Ocala, FL 34480-8503 | Marion County Tax Collector<br>P.O. Box 970<br>Ocala FL 34478-0970 | Mountain View Pool Service<br>P. O. Box 1893<br>San Jacinto, CA 92581-1893 |
| Nadel Studio One Inc.<br>1990 S. Bundy Drive<br>Los Angeles, cA 90025-5243 | Nadel Studio One, Inc.<br>4435 Eastgate Mall, #100<br>San Diego, CA 92121-1980 | Odell Income Fund<br>c/o Jason Burnett<br>50 North Laura Street, Ste 1100<br>Jacksonville, FL 32202-3611 |
| Odell Income Fund<br>c/o Randy Wastal<br>4405 Manchester Avenue, #106<br>Encinitas, CA 92024-4940 | Ramona Business Park<br>12250 El Camino Real<br>San Diego, CA 92130-3076 | Ramona Business Park LLC<br>c/o L. William Porter III as<br>Additional Counsel of Record<br>P.O. Box 2809<br>Orlando FL 32802-2809 |
| Ramona Business Park LLC<br>c/o Zachary J. Bancroft, Esq.<br>P.O. Box 2809<br>Orlando FL 32802-2809 | Randy Flores<br>3040 Vista Way<br>Hemet, CA 92544-4959 | Riverside County Transportation Commission<br>P.O. Box 12008<br>Riverside, CA 92502-2208 |
| Rutan & Tucker, LLP<br>611 Anton Blvd, 14th Floor<br>Costa Mesa, CA 92626-7681 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20220-0001 | Southern California Edison<br>P. O. Box 600<br>Rosemead, CA 91771-0001 |
| Southern California Edison Company<br>Attn: Credit and Payment Services<br>300 N. Lone Hill Ave<br>San Dimas, CA 91773-1741 | Southern California Gas Co.<br>Box C<br>Monterey Park, CA 91756-0001 | State Farm Insurance<br>Insurance Support Center<br>P. O. Box 680001<br>Dallas, TX 75368-0001 |
| The Bank of Hemet<br>3715 Sunnyside Drive<br>Riverside, CA 92506-2418 | The Bank of Hemet<br>c/o Howard S. Toland<br>2400 North Commerce Parkway-Suite 302<br>Weston, FL 33326-3253 | Tutan & Tucker, LLP<br>611 Anton Blvd., 14th Floor<br>Costa Mesa, CA 92626-7681 |
| U.S. Securities & Exchange Commission<br>Reorganization Branch, Atlanta<br>3475 Lenox Rd., NE, Ste. 1000<br>Atlanta, GA 30326-3235 | United States Attorney<br>300 North Hogan St Suite 700<br>Jacksonville, FL 32202-4204 | Verizon<br>404 Brock Dr<br>Bloomington, IL 61701-2654 |
| Verizon<br>P. O. Box 9688<br>Mission Hills, CA 91346-9688 | Weiss and Company<br>Kenneth Weiss<br>5151 Shorne Place, #210<br>San Diego, CA 92122 | Zachary J Bancroft +<br>Post Office Box 2809<br>Orlando, FL 32802-2809 |
| Karen K Specie +<br>Specie Law Firm, LLC<br>PO Box 358318<br>Gainesville, FL 32635-8318 | Charles M Tatelbaum +<br>Hinshaw & Culbertson LLP<br>One E Broward Blvd., Ste 1010<br>Fort Lauderdale, FL 33301-1866 | Jason B. Burnett +<br>GrayRobinson, P.A.<br>50 N. Laura Street, Suite 1100<br>Jacksonville, FL 32202-3611 |

| United States Trustee - JAX 11 + | L William Porter III+ | Robert D Wilcox + |
| 135 W Central Blvd, Suite 620 | Lowndes Drosdick Doster Kantor & Reed PA | Brennan, Manna & Diamond, PL |
| Orlando, FL 32801-2440 | Post Office Box 2809 | 800 W. Monroe Street |
| | Orlando, FL 32802-2809 | Jacksonville, FL 32202-4836 |

| Howard S. Toland + | Jill E Kelso + | Thomas J Polis + |
| Mitrani, Rynor, Adamsky & Toland, PA | United States Trustee | Polis & Associates APLC |
| 2400 North Commerce Parkway, Suite 302 | 135 West Central Boulevard Suite 620 | 19800 MacArthur Boulevard |
| Weston, FL 33326-3253 | Orlando, FL 32801-2440 | Suite 1000 |
| | | Irvine, CA 92612-2433 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Jerry A. Funk | (u)Independence Bank | End of Label Matrix |
| Jacksonville | | Mailable recipients    65 |
| | | Bypassed recipients     2 |
| | | Total                  67 |