UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

SHELBRAN INVESTMENTS, L.P.,

Case No.: 3:10-bk-10937-JAF

Chapter 11

Debtor.
_____/

## ORDER DENYING MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND GRANTING ADEQUATE PROTECTION

THIS CASE came before the Court upon the Motion for Relief from the Automatic Stay (the "Motion") [Doc. No. 34] filed by INDEPENDENCE BANK. The Court held an evidentiary hearing on July 29, 2011, and based upon the agreement of the parties, it is:

**ORDERED:**

1. The Motion is DENIED, in part, as to the 38.83 acres of vacant real property located in San Jacinto, Riverside County, California ("Parcel 2"), and more particularly described as:

> PARCEL 2 OF PARCEL MAP 31522, IN THE CITY OF SAN JACINTO, AS PER MAP RECORDED IN BOOK 209, PAGE(S) 16 THROUGH 19, INCLUSIVE OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA.
>
> APN: 430-100-017-8

2. SHELBRAN INVESTMENTS, L.P. (the "Debtor") shall make adequate protection payments to Independence Bank in the amount of $1,250.00 per month, beginning on August 1, 2011, and continuing on the first (1st) day of each month thereafter, until confirmation of a plan of reorganization.

3. Additionally, the Debtor shall add Independence Bank as a loss payee under the insurance policy for Parcel 2.

4. The Debtor shall be in default under this Order if the Debtor fails to make any monthly adequate protection payment not excused by Court order and the Debtor does not cure such default within fifteen (15) days, or if the Debtor fails to add Independence Bank as a loss payee under the insurance policy for Parcel 2.

5. In the event that Debtor does not pay the adequate protection payment, or breaches any of its obligations under this Order, Independence Bank shall be entitled to file and serve on the Debtor's counsel an affidavit setting forth the details of the default.

6. The Debtor shall be permitted to file a counter-affidavit within three (3) business days of the filing of an affidavit of default, setting forth specific facts contradicting the allegations of the affidavit of default. No other form of response to the affidavit of default shall be permitted.

7. Upon the filing of an affidavit of default by Independence Bank, the Court, in its discretion, may enter an order lifting the stay without further hearing.

DATED this 4 day of August, 2011, in Jacksonville, Florida.

JERRY A. FUNK
United States Bankruptcy Judge

Copies to:

Debtor: Shelbran Investments, L.P., 12871 South Highway 475, Ocala, Florida 34480;

Debtor's Counsel: Robert D. Wilcox, Esq., Brennan, Manna & Diamond, PL, 800 W. Monroe Street, Jacksonville, Florida 32202;

United States Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801;

Independence Bank, c/o Thomas J. Polis, Esq., Polis & Associates, APLC, 19800 MacArthur Blvd, Suite 1000, Irvine, California 92612 and Jason B. Burnett, Esq., GrayRobinson, P.A., 50 North Laura St., Suite 1100, Jacksonville, Florida 32202.

# 475946 v1